UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HOMER E. HOSKINS, )
)
         Plaintiff, )
)
vs. ) Case No. 1:15-cv-0260-TWP-DML
)
LINDA PORTER, )
)
         Defendant. )

**Entry Denying Motion to Proceed *In Forma Pauperis*, Dismissing Complaint,
and Directing Further Proceedings**

### I.    Motion to proceed *in forma pauperis*

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied without prejudice** because although it is difficult to read, it appears that the plaintiff's household has income of $2,500.00 each month and expenses of $455.00. The plaintiff shall have **through March 6, 2015,** in which to either: a) **renew and supplement** his motion to proceed *in forma pauperis* by clarifying his financial circumstances, or b) **pay** the $400.00 filing fee to the clerk of the court.

The plaintiff's blank motion [dkt. 3] is **denied** because it seeks no ruling from the Court.

### II.    Screening

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The plaintiff alleges that he moved into Linda Porter's house on April 1, 2014 and the lights have been turned off several times and the furnace does not work. On February 17, 2015, Ms.

Porter gave "Rob" permission to go into the plaintiff's room while he was not home. The plaintiff alleges his civil rights have been violated. He seeks 3 million dollars in damages, "the house," for Linda and Rob to go to jail, and "a nice place to stay while the court system is played out."

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Local 702 Intern. Broth. Of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. §§ 1331-32). The complaint does not set forth any basis for this Court's jurisdiction, nor is there any discernible federal jurisdiction for the plaintiff's claim. Linda Porter is not alleged to be a state actor, and therefore the complaint fails to state any type of constitutional civil rights claim. The complaint also does not allege that the plaintiff was discriminated against on any basis that is protected under federal law. Therefore, it appears that the Court lacks subject matter jurisdiction over this action.

The plaintiff shall have **through March 6, 2015,** in which to **show cause** why this action should not be dismissed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to do so, the action will be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date:2/20/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Homer E. Hoskins
111 S. Illinois Street
Indianapolis, IN 46225